UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
ANGELO RICHARDSON,                     )
                                       )
      Plaintiff,                       )
                                       )
      v.                               )  Civil Action No. 12-0475 (EGS)
                                       )
CASH MONEY RECORDS, INC.               )
                                       )
      Defendant.                       )
_____)

MEMORANDUM OPINION

    Defendant removed this action from the Superior Court of the District of Columbia and now moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and 12(b)(6) for failure to state a claim upon which relief can be granted. Def.'s Mot. to Dismiss [Dkt. # 5]. Plaintiff, who is proceeding *pro se*, has filed an opposition [Dkt. # 7] and a separate motion [Dkt. # 13], both of which are as incomprehensible as the complaint. The Court has read the complaint in conjunction with all of plaintiff's submissions, *see* Dkt. ## 9, 10, 11, 12, 13, 14, 15, 16, and finds that the complaint fails to state a cognizable claim and is frivolous. It therefore will grant defendant's motion to dismiss under Rule 12(b)(6) and will dismiss the case with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time [it] determines that . . . the action . . . is frivolous . . . .").

    In the complaint consisting of one long sentence and seeking $700 million, plaintiff states: "Copyright lyric by using a scientific Method with plaintiff wisdom and knowledge inside my brian [sic] to sail Album out the store Market, Best Buy Target to produce more contribution

contrast involve a Presidential case . . . ." Compl. (Dkt. # 1-1).  In his "Motion to Dismiss Complaint, Reply for Early Settlement to Sued Cash Money Records I.N.C.," plaintiff states that "defender wished to not explain evident why or how defender Lil Wayne who signed a contract an [sic] rap for Cash Money Records . . . D.N.A is in plaintiff D.N.A on polygraph test . . . ." Mot. at 1.  Plaintiff's other submissions, including a motion referencing evidence of "illegal witch craft [and] psychic," are of this ilk.

Defendant argues correctly that plaintiff has stated no facts to support what it has liberally construed as a claim of copyright infringement since plaintiff has not alleged that he owns a valid copyright to a work that defendant has copied.  *See* Def.'s Mot. to Dismiss at 6-7. Plaintiff has not articulated a lucid response to defendant's argument, which alone is reason to grant defendant's motion.  *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd* 98 Fed.Appx. 8 (D.C. Cir. 2004) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

The complaint is also subject to dismissal on the court's own motion as frivolous because it simply lacks "an arguable basis in law and fact." *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984); *see Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind.").  And "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "

*Hagans v. Lavine*, 415 U.S. 528, 536-7 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)).

      For the foregoing reasons, the Court will grant defendant's motion to dismiss under Rule 12(b)(6) and will dismiss this case, found also to be frivolous, with prejudice.  A separate Order accompanies this Memorandum Opinion.


DATE:  December 5, 2012                    SIGNED:    EMMET G. SULLIVAN
                                                                  UNITED STATES DISTRICT JUDGE